IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JACKIE LEE BIBBS,       §
(TDCJ No. 1650103)       §
      §
vs.       §       CIVIL ACTION No. 4:13-CV-955-O
      §
      §
BILL HARRIS, Judge,       §
233rd District Court,       §
Tarrant County, Texas, et al.       §

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i)

This case is before the Court for review of pro-se inmate and plaintiff Jackie Lee Bibbs's

case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Bibbs has named

several individual defendants and asserts challenges to a child-custody proceeding in Texas state

court. (Compl.§ V; attachment page.)  Bibbs has named Bill Harris, judge, 233rd District Court,

Tarrant County, Texas; Melissa R. Paschall, assistant district attorney, Tarrant County, Texas; as well

as three private attorneys, Ami J. Decker, Michael Tressider, and M. Breanne Finley. (Compl.§

IV(B).) Bibbs complains that the state court entered a default judgment terminating his parent-child

relationship, and that the defendants conspired through an abuse of process to deprive him of the

custody of his child. (Compl. § V.)  Bibbs seeks to have this Court "remand this cause back to state

court for remedy." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed

under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]  After review of the complaint under these standards, the Court concludes that Bibbs's claims must be dismissed.

The *Rooker-Feldman* doctrine provides that "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'"[6] The doctrine derives its name from two Supreme Court cases decided sixty years apart. The first, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923) held that, by statute, jurisdiction over appeals from state court lies exclusively in the Supreme Court and is beyond the original jurisdiction of federal district courts.  The second, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983), held that this jurisdictional bar extends to particular claims "inextricably intertwined" with those a state court has already decided.  The essence of the *Rooker-Feldman* doctrine is that a "party losing in state court is barred from seeking what in substance would be

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id.,* (citing *Neitzke v. Williams,* 490 at 327).

[6]*Mosley v. Bowie County, Texas, et al.,* 275 F. App'x 327, 329 (5th Cir. 2008)(quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)).

appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."[7]

In this case, Bibbs seeks this Court's review of the termination of his parent-child relationship in state family district court, and he seeks to remand this matter (assumably with a ruling in his favor) to state court. This is an effort to seek federal review and a modification of a state court's ruling. Because this federal-court action is "inextricably intertwined" with the state-court ruling, this Court, under the *Rooker-Feldman* doctrine, does not have subject-matter jurisdiction to consider the case.[8]

To the extent Bibbs is challenging adverse rulings in a state court domestic relations proceeding, a related doctrine also precludes his claims for relief under § 1983. Under the "domestic relations exception" to federal court jurisdiction, federal courts have no jurisdiction over domestic relations matters. The Supreme Court long ago recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws

---

[7]*Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994)(citations omitted); see also *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* 544 U.S. 280, 284 (2005)(*Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see generally Crank v. Crank,* No..Civ. A. 3:96-CV-1984-D, 1997 WL 22815, at *2 (N.D.Tex. Jan. 14, 1987)(Fitzwater, J.)(stating that "[j]udicial errors committed in state court are for correction in state court systems, at the head of which stands the United States Supreme Court; such errors are no business of the lower federal courts")(quoting *Feldman,* 460 U.S. at 486.)

[8]*See Saloom v. Texas Dept. Of Family and Child Protective Services, et al.,* No.4:13-CV-01002, 2013 WL 5488384, *5-6 (S.D. Tex. Sep. 30, 2013)(determining subject matter jurisdiction was lacking under the *Rooker-Feldman* doctrine of Plaintiff's attempt to file a collateral challenge and reversal of a state family district court's resolution regarding child custody); *see also Collins v. Acree,* No.12-CV-357-KSF, 2013 WL 1993281, at *3 (E.D. Ky. May 13, 2013)("Under the *Rooker-Feldman* doctrine, Collins cannot 'side step' binding legal determinations made in his state court domestic relations proceedings by filing a § 1983 action in federal court)(citation omitted); *see generally Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986)("A lengthy line of decision in our court, commencing with *Sawyer v. Overton,* 595 F.2d 252 (1979) and *Kimball v. the Florida Bar,* 632 F.2d 1283 (1980), holds that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits"); *compare Mosley,* 275 F. App'x at 329 (as claims that defendants violated constitutional rights in an effort to enforce a state child support judgment did not ask the district court to "review, modify, or nullify" a final order of a state court, such claims not barred under the *Rooker-Feldman* doctrine).

of the United States."[9]  More recently, the Supreme Court explained in *Ankenbrandt v. Richards,* 504 U.S. 689 (1992), that the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees."[10]  In resolving whether this exception to jurisdiction applies, the "crucial factor is the type of determination that the federal court must make in order to resolve the case, rather than the formal label attached to the claim."[11]  "If the federal court must determine which parent should receive custody, what rights the non-custodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case."[12]  Bibbs seeks to have this Court review and modify the previous state court's judgment as to the resolution of child custody.  Thus, this court has no jurisdiction over these matters and Bibbs's claims must be dismissed.

Therefore, all Plaintiff's claims are DISMISSED for lack of subject-matter jurisdiction under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).[13]

Signed this 17th day of December, 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[9] *In re Burrus,* 136 U.S. 586, 593-94 (1890).

[10] *Ankenbrandt,* 504 U.S. at 703.

[11] *Mosley,* 275 F. App'x at 329 (citing *Rykers v. Alford,* 832 F.2d 895, 900 (5th Cir. 1987)).

[12] *Rykers*, 832 F.2d at 900.

[13] *See Nixon v. Attorney General of the State of Texas,* No. 12-50745, 2013 WL 3929956, at *1 (5th Cir. July 31, 2013)(affirming district court's dismissal for lack of subject-matter jurisdiction under the screening authority of 28 U.S.C. § 1915(e)(2)(B).